☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL ☐ DISTRICTS ☐ OTHER | CIVIL ACTION SUMMONS (b) Form for Personal Service on a Natural Person | 15-029639-CA-01 |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | CLOCK IN |
|---|---|---|
| JUAN L. PEREZ and MARIA A. POSADA, his wife | THE CITY OF SWEETWATER, RAFAEL DUARTE, RICHARD BRIOSO and ARMANDO GONZALEZ | |

THE STATE OF FLORIDA:TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s): City of Sweetwater | Address: 500 S.W. 109 Ave. Sweetwater, FL 33174 |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

#### DADE COUNTY COURT LOCATIONS

☒ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Joseph Caleb Center (20)
Room 103
5400 NW 22 Avenue
Miami, Florida 33142

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

☐ Hialeah District (21)
Room 103
11 East 6th Street
Hialeah, Florida 33010

| SERVICE |
|---|
| =TMG 1814 9·7·16 4:20 PM |

| Plaintiff/Plaintiff Attorney Ricardo M. Corona Florida Bar No. 107684 | Address: 3899 NW 7 STREET, SUITE 202B, MIAMI, FL. 33126 |
|---|---|

| HARVEY RUVIN CLERK OF COURTS | BY: _____ DEPUTY CLERK | DATE ON: |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

[ ] EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA
[ ] EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br><br>□ CIVIL<br>□ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.  DEMANDADO(S) | HORA |
| A Demandado(s): | Direccion: | |

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestacion a la demanda al Secretario del Juzgado. La ubicacion central de la Oficina del Secretario esta en el edificio de la Corte del Condado de Dade. La direccion de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE DADE

□ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

□ Joseph Caleb Center (20)
Room 103
5400 NW 22 Avenue
Miami, Florida 33142

□ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

□ Hialeah District (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

□ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

□ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

□ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

| Demandante o Abogado del Demandante<br><br>Numero del Colegio de Abogados: | Direccion: |
|---|---|

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagan entrega de esta notificacion y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| HARVEY RUVIN<br>Secretario del Tribunal del Condado | POR: _____<br>Como Secretario Adjunto | FECHA |
|---|---|---|

### Ley para Estadounidenses con Incapacidades

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase  en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial  ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7   días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVISION<br>☐ CIVILE<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CAS |
|---|---|---|
| PLAINTE(S) | VS.  CONTRE ACCUSE(S) | HEURE IN |
| A (AUX) ACCUSE(S): | ADRESSE: | |

### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

#### ADRESSES DES TRIBUNAUX EN DADE

☐ Dade County Courthouse (05)
Room 133
73 West Flagler Street
Miami, Florida 33130

☐ Joseph Caleb Center (20)
Room 103
5400 NW 22 Avenue
Miami, Florida 33142

☐ North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, Florida 33160

☐ Hialeah District (21)
Room 100
11 East 6th Street
Hialeah, Florida 33010

☐ Miami Beach District Court (24)
Room 200
1130 Washington Avenue
Miami Beach, Florida 33139

☐ Coral Gables District Court (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, Florida 33134

☐ South Dade Justice Center (26)
Room 1200
10710 SW 211 Street
Miami, Florida 33189

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse: |
|---|---|

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| **HARVEY RUVIN**<br>Greffier de Tribunal | PAR:_____<br>COMME GREFFIER ADJOINT | DATE ON: |
|---|---|---|

## ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, ouben immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

☐ NAN TRIBUNAL ONZYEM AWONDISMAN JIDISYE NAN E POU MIAMI-DADE COUNTY, FLORIDA.
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA.

| DIVIZYON<br>☐ SIVIL<br>☐ LOT | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| PLENTIF(S) | VS.   KONT AKIZE(S) | LE |
| AKIZE: | ADRES: | |

Enpotan

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres  ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone pou avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-e et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**ADRES TRIBINAL NAN DADE COUNTY**

| | | | |
|---|---|---|---|
| ☐ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, Florida 33130 | ☐ Joseph Caleb Center (20)<br>Room 1C3<br>5400 NW 22 Avenue<br>Miami, Florida 33142 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, Florida 33160 | ☐ Hialeah District (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, Florida 33010 |
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, Florida 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd<br>Coral Gables, Florida 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Florida 33189 | |

| Plainte/Avocat du Plainte | Nimewo manm avoka a. |
|---|---|
| Numero de barreau de la Floride: | Address: |

ETA FLORIDA: Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.

| HARVEY RUVIN<br>Sekrete Jeneral Tribinal La | BAY: _____<br>SEKRETE | DATE: |
|---|---|---|

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou  pou ou parèt nan tribunal la; si  ou gen difikilte pou ou tande oubyen pale, rele 711."

Filing # 35815290 E-Filed 12/22/2015 11:42:36 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2015-029639-CA-01

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

      Plaintiffs,

vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

      Defendants.

_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs JUAN L. PEREZ and MARIA A. POSADA, his wife, sue THE CITY OF SWEETWATER (hereinafter the "CITY" or "SWEETWATER") and Sweetwater Police Officers RAFAEL DUARTE, RICHARD BRIOSO and ARMANDO GONZALEZ and allege:

### INTRODUCTION

1.    Juan Perez was grievously injured on January 2, 2012, when his pick-up truck was hit at high speed by Felipe Torrealba's Mercedes Benz S600.

2.    Felipe Torrealba was fleeing from the Sweetwater Police.

3.    Sweetwater Police Officers Richard Brioso and Armando Gonzalez had fired shots at Torrealba with the intent to cause him harm after mishandling a routine traffic stop.

4.    It then initiated a high-speed chase during morning rush hour as Torrealba fled the stop in fear for his life.

5.      The pursuit and stop were conducted in violation of Sweetwater's policies and procedures; by officers who were not adequately trained; and was so reckless and wanting of care that it endangered the lives of everyone on the roadway, especially Juan Perez, whose life was changed forever.

6.      The collision with Torrealba's car literally knocked Perez's truck off the road.  It rolled multiple times, crushing the passenger cab and Perez, and then struck a palm tree.

7.      Juan Perez suffered a closed head injury and brain damage that have left him permanently disabled and unable to work.

8.      This lawsuit is being filed to ensure he and his wife receive fair compensation for those injuries.

### JURISDICTION AND PARTIES

9.      This is an action for damages in excess of this Court's minimum jurisdictional limits of Fifteen Thousand ($15,000.00) dollars, exclusive of interest and costs.

10.     The Eleventh Judicial Circuit in and for Miami-Dade County, Florida, has subject matter jurisdiction over this matter pursuant to Art. V, § 5 of the Florida Constitution.

11.     Venue is proper in this Court pursuant to Florida Statute § 47.011, because the cause of action accrued in Miami-Dade County, Florida, and the City of Sweetwater is a municipal corporation located within Miami-Dade County.

12.     This action is brought by Plaintiff JUAN L. PEREZ and MARIA A. POSADA, his wife.

13.     At all times material, Plaintiff JUAN L. PEREZ, was a resident of Miami-Dade County, Florida, over the age of eighteen and otherwise *sui juris*.

EATON & WOLK PL
2 SOUTH BISCAYNE BOULEVARD · SUITE 3100 · MIAMI, FL 33131 · (305) 249-1640

14.     At all times material, Plaintiff MARIA A. POSADA, was a resident of Miami-Dade County, Florida, over the age of eighteen and otherwise *sui juris*.

15.     Mr. Perez and Ms. Posada are, and were at the time of the events herein, legally husband and wife.

16.     At all times material hereto, the CITY OF SWEETWATER was and is a Florida Municipal Corporation located in Miami-Dade County, Florida, operating the City of Sweetwater Police Department.

17.     At all times material hereto, RICHARD BRIOSO was a police officer employed by the City of Sweetwater, acting within the scope of his employment by, and in furtherance of the interests of, the City.  Defendant Brioso is over the age of eighteen and otherwise *sui juris*.

18.     At all times material hereto, RAFAEL DUARTE was a police officer employed by the City of Sweetwater, acting within the scope of his employment by, and in furtherance of the interests of, the City.  Defendant Duarte is over the age of eighteen and otherwise *sui juris*.

19.     At all times material hereto, ARMANDO GONZALEZ was a police officer employed by the City of Sweetwater, acting within the scope of his employment by, and in furtherance of the interests of, the City.  Defendant Gonzalez is over the age of eighteen and otherwise *sui juris*

20.     At all times material hereto, the acts of the City, their agents, servants, and/or employees were committed within the scope of their employment, in furtherance of the interests of the City of Aventura and were operational in nature in violation of Florida Statute 768.28.

21.     On or about March 20, 2012, Plaintiffs served written notice of the claim upon the City, the City Police Chief, and the Florida Department of Financial Services by certified mail, return receipt requested in accordance with §768.28, Fla. Stat.  The City received these notices on

March 21, 2012. The Florida Department of Financial Services received the notice on or about March 22, 2012. A true and correct copy of the notices and the certified mail receipts are attached as **Exhibit "A"** and incorporated herein by reference.

22. The City and all relevant agencies have denied the claim.

23. Pursuant to §768.28, Florida Statutes, the City has waived sovereign immunity for this cause of action.

24. All other conditions precedent to bringing this cause of action have occurred, or have been performed, excused, discharged, satisfied or waived.

## FACTS

25. On the morning of January 2, 2012, while on his way to work, Sweetwater Police Officer Brioso stopped a black 2007 Mercedes-Benz S600 sedan that was driving east on Southwest 8th Street. Officer Brioso claims the car was being driven erratically and made the routine traffic stop on Southwest 8th Street near 110th Avenue.

26. Felipe Torrealba was the driver of the Mercedes-Benz.

27. Sweetwater Police Officers Duarte and Gonzalez arrived on scene as back up.

28. According to the Sweetwater Police Department, Mr. Torrealba and his passenger were asked to exit the vehicle. They did so.

29. Without a reasonable basis for doing so and in derogation of appropriate police procedure, Officers Brioso, Duarte, and Gonzalez (collectively, the "Officers") then escalated the routine stop in to a physical confrontation with Felipe Torrealba unrelated to the purpose of the traffic stop, during which Officers Brioso and Gonzalez drew their weapons and attempted to shoot Torrealba.

30.     Officers Brioso, Duarte, and Gonzalez justified their actions after the fact by claiming that Torrealba had given "false information regarding his identity" during the stop, yet at no time did they take the reasonable procedures of hand-cuffing Mr. Torrealba, removing the keys from the ignition of his car, or even closing the driver's door behind him after he followed their instructions and left the vehicle.

31.     By firing their weapons at Felipe Torrealba, Officers Brioso and Gonzalez intended to harm Torrealba in a manner that was unrelated and disproportionate to the legitimate object of their arrest and in so doing recklessly placed the life of Juan Perez at risk.

32.     Fearing for his life, Torrealba ran back to the Mercedes-Benz and fled, while Officer Duarte pursued him and Officers Brioso and Gonzalez shot at Torrealba's vehicle.

33.     The Sweetwater Police Department, through Officers Duarte, Brioso, and Gonzalez then initiated a high-speed chase during morning rush hour as Torrealba fled the stop in fear for his life.

34.     The same morning at approximately 8:00 a.m., Juan Perez was also traveling eastbound on Southwest 8th Street on his way to work at a construction foreman.

35.     Mr. Perez remembers passing the traffic stop and seeing the Sweetwater police officers with guns drawn for no apparent reason.  That is one of the last things Mr. Perez remembers clearly from that day.

36.     Mr. Perez continued past, driving east.  Eight blocks later, near the intersection of 8th Street and 102nd Avenue, Torrealba's fleeing vehicle struck the back of Mr. Perez's small pick-up truck at high speed, forcing it off the road.

37.     Perez's pick-up rolled multiple times, crushing the passenger cab and Perez, and then struck a palm tree.

5

EATON & WOLK PL
2 SOUTH BISCAYNE BOULEVARD · SUITE 3100 · MIAMI, FL 33131 · (305) 249-1640

38.     Miami-Dade Fire Rescue literally had to peel the truck open to extract Perez from inside. Rescue then transported him to Kendall Regional Medical Center, where he was diagnosed with a closed head injury and subdural hematoma.

39.     The brain injury has left Perez permanently disabled and unable to work. He now walks with assistance, can no longer move his right arm and shoulder, has frequent vertigo attacks, short term memory loss, difficulty speaking, and his personality has changed – all of which has harmed his marriage to Maria Posada.

40.     The pursuit and stop were conducted in violation of Sweetwater's policies and procedures; by officers who were not adequately trained and who failed to follow proper police procedure; and was so reckless and wanting of care that it was virtually certain to endanger the lives of everyone on the roadway, especially Juan Perez, whose life was changed forever.

41.     Officers Brioso, Duarte, or Gonzalez failed to hand-cuff Torrealba or otherwise prevent him from being able to re-enter his vehicle during the traffic stop, which they were required to do before placing him into custody.

42.     Officers Brioso, Duarte, or Gonzalez failed to remove the keys from Torrealba's vehicle before attempting to place him into custody to ensure the vehicle was immobilized. In fact, they didn't even close the driver's side door.

43.     Officers Brioso and Gonzalez drew their weapons and threated Torrealba even though he was under control, had at no time prior resisted arrest or acted in an aggressive, violent, or threatening manner, or had done anything other than comply with the officers' requests.

44.     But for the failure of Officers Brioso, Duarte, and Gonzalez to follow reasonable police procedures during a routine traffic stop and arrest, Felipe Torrealba would never have been able to re-enter his vehicle and flee at high speed and Juan Perez would not have been injured.

45. Instead, the Defendants initiated a high speed pursuit of Torrealba during rush hour on a major east-west highway, with the knowledge that the alleged minor infraction did not call for the initiation of a high speed pursuit due to the dangerous nature, location and time of such pursuit and it would be reckless, improper, and illegal to perform such pursuit.

46. The officers initiated the high speed pursuit of Torrealba with the knowledge that such pursuit violated the policies, practices and procedures of the Sweetwater Police Department and that their actions initiating such a pursuit during rush hour on a crowded highway were virtually certain to result in the injury or death of innocent people, like Juan Perez, travelling on Southwest 8th Street.

47. The pursuit violated Florida Statute 768.28(9)(d)(1-3) in that:

    a.    It was conducted in a manner that was so reckless or wanting in care as to constitute disregard of human life, human rights, safety, or the property of another, namely Plaintiff, JUAN L. PEREZ;

    b.    When Officers Brioso, Duarte, and Gonzalez took the actions that caused Torrealba's flight, they had no reasonable belief that he had committed a forcible felony as defined in 776.08; and

    c.    The pursuit was not conducted by the Sweetwater Police Department pursuant to a written policy governing high-speed pursuit with specific procedures concerning the proper method to initiate and terminate high-speed pursuit; or was conducted in violation of that procedure; or the Department provided the initiating officers inadequate and/or insufficient training in those policies.

48. As a direct and proximate result of these failings by the Sweetwater Police Department and Officers Brioso, Duarte, and Gonzalez, Juan Perez was severely and permanently injured and both he and his wife, Maria Posada, suffered damages set forth more fully below.

<u>COUNT I</u>

<u>NEGLIGENCE AGAINST THE CITY OF SWEETWATER</u>

Plaintiff incorporates and realleges Paragraphs 1 through 48 and further states:

49.     The City of Sweetwater, by and through the Sweetwater Police Department, owed a duty to the general public, citizens of Miami-Dade County, and the Plaintiffs Juan L. Perez and Maria Posada in particular, to properly initiate, continue and terminate vehicular traffic stops and vehicular pursuits in compliance with applicable laws, policies, practices and procedures pertaining to traffic stops and vehicle pursuits involving the Sweetwater Police Department.

50.     The City of Sweetwater, by and through the Sweetwater Police Department, owed a further duty to perform vehicular traffic stops and vehicular pursuits in accordance with reasonable or generally accepted police procedure.

51.     The City of Sweetwater, by and through the Sweetwater Police Department, had a duty to train Officers Brioso, Duarte, and Gonzalez in the proper use of force and initiation of high speed vehicular pursuits and to enforce its policies in this regard with respect to Officers Brioso, Duarte, and Gonzalez.

52.     Officers Brioso, Duarte, and Gonzalez had a duty to follow the City of Sweetwater Police Department's policies, procedures and requirements for engaging in traffic stops, arrests, and pursuits.

53.     The City, through its employees Brioso, Duarte, and Gonzalez, who were acting within the course and scope of their employment, breached these duties by, *inter alia*, 1) failing to follow proper police procedures during the traffic stop and attempted arrest of Felipe Torrealba and 2) by initiating an unwarranted and/or improper pursuit of Felipe Torrealba, thereby causing him to lose control of his vehicle and collide with the vehicle driven by Plaintiff Juan Perez.

8
EATON & WOLK PL
2 SOUTH BISCAYNE BOULEVARD · SUITE 3100 · MIAMI, FL 33131 · (305) 249-1640

54.     The City further breached its duty by failing to adequately train Officers Brioso, Duarte, and Gonzalez in the proper use of force and initiation of high speed vehicular pursuits and by failing to take corrective action against said officers for violating these City policies.

55.     The conduct of Officers Brioso, Duarte, and Gonzalez created a foreseeable zone of risk to drivers in the Cities of Sweetwater and Miami, including but not limited to Juan Perez. The City and Officers Brioso, Duarte, and Gonzalez therefore had a duty to either lessen the risk or take sufficient precautions to protect others from reasonably foreseeable harm.

56.     At all times material hereto, the conduct of the City and Officers Brioso, Duarte, and Gonzalez constituted a reckless disregard and deliberate indifference for the Plaintiff's life and liberty by using excessive and dangerous methods to chase and/or apprehend the vehicle driven by Felipe Torrealba.

57.     As a direct and proximate result of the aforesaid negligent and/or reckless conduct, JUAN L. PEREZ was seriously and permanently injured and incurred damages for permanent bodily injury, disability, disfigurement, and scarring; pain and suffering; inconvenience; loss of enjoyment of life; lost wages and earning capacity; mental pain, grief and anguish; aggravation of a pre-existing condition; and the expense of hospitalization and medical care and treatment. These injuries are permanent and continuing in their nature, and Plaintiff will suffer such losses in the future.

58.     As a direct and proximate result of the aforesaid conduct, MARIA POSADA suffered damages for loss of her husband's support and services, loss of consortium, and all other damages allowed by law.

**WHEREFORE**, Plaintiffs JUAN L. PEREZ and MARIA POSADA demand judgment against the City of Sweetwater for all damages allowed by law, taxable costs, and prejudgment interest.

## COUNT II

## CLAIM AGAINST DEFENDANTS DUARTE, BRIOSO AND GONZALEZ FOR NEGLIGENCE

Plaintiff incorporates and realleges Paragraphs 1 through 48 and further states:

59.     Officers Brioso, Duarte, and Gonzalez had a duty to perform vehicular traffic stops, use deadly force, and initiate vehicular pursuits in accordance with the City of Sweetwater Police Department's policies and procedures and/or reasonable or generally accepted police procedure.

60.     Officers Brioso, Duarte, and Gonzalez, who were acting within the course and scope of their employment, breached these duties by, *inter alia,* 1) failing to follow proper police procedures during the traffic stop and attempted arrest of Felipe Torrealba; 2) improperly and recklessly using deadly force in violation of the policies and procedures of the Sweetwater Police Department; and 3) initiating an unwarranted and/or improper pursuit of Felipe Torrealba in violation of the policies and procedures of the Sweetwater Police Department, thereby causing him to lose control of his vehicle and collide with the vehicle driven by Plaintiff Juan Perez.

61.     The conduct of Officers Brioso, Duarte, and Gonzalez created a foreseeable zone of risk to drivers in the Cities of Sweetwater and Miami, including but not limited to Juan Perez. The City and Officers Brioso, Duarte, and Gonzalez therefore had a further duty to either lessen the risk or take sufficient precautions to protect others from reasonably foreseeable harm.

62.     Moreover, by using deadly force against Felipe Torrealba without justification and in contravention of reasonable police procedures (as to Brioso and Gonzalez) and by initiating a high-speed pursuit of Torrealba during rush hour on a crowded highway over a minor traffic stop

EATON & WOLK PL
2 SOUTH BISCAYNE BOULEVARD · SUITE 3100 · MIAMI, FL 33131 · (305) 249-1640

in contravention of reasonable police procedures, Defendants Duarte, Brioso and Gonzalez exceeded the proper and rational bounds of police practice and acted in a manner that was reckless, wanton or willful and virtually certain to cause harm to Juan Perez and others.

63.     As a direct and proximate result of the aforesaid negligent, reckless, wanton, or willful conduct by these Defendants, JUAN L. PEREZ was seriously and permanently injured and incurred damages for permanent bodily injury; disability, disfigurement, and scarring; pain and suffering; inconvenience; loss of enjoyment of life; lost wages and earning capacity; mental pain, grief and anguish; aggravation of a pre-existing condition; and the expense of hospitalization and medical care and treatment.   These injuries are permanent and continuing in their nature, and Plaintiff will suffer such losses in the future.

64.     As a direct and proximate result of the aforesaid conduct, MARIA POSADA suffered damages for loss of her husband's support and services, loss of consortium, and all other damages allowed by law.

**WHEREFORE**, Plaintiffs JUAN L. PEREZ and MARIA POSADA demand judgment against Defendants Brioso, Duarte, and Gonzalez for all damages allowed by law, taxable costs, and prejudgment interest.

<u>**COUNT III**</u>

<u>**CLAIM AGAINST DEFENDANTS BRIOSO, DUARTE AND GONZALEZ**</u>
<u>**UNDER 42 U.S.C. §1983**</u>

65.     Plaintiff incorporates and realleges Paragraphs 1 through 48 and further states:

66.     By using deadly force against Felipe Torrealba without justification and in contravention of reasonable police procedures, Defendants Brioso and Gonzalez demonstrated an intent to harm Torrealba that was unrelated to the legitimate objective of detaining or arresting him for allegedly giving false information during a routine traffic stop.

67.    By initiating a high-speed pursuit on a crowded highway during rush hour without justification and in contravention of reasonable police procedures that was virtually certain to result in serious injury, Defendants Brioso, Duarte, and Gonzalez demonstrated an intent to cause harm Juan Perez and others like him that was unrelated to the legitimate objective of detaining or arresting Felipe Torrealba for allegedly giving false information during a routine traffic stop.

68.    The actions taken by Brioso, Duarte, and Gonzalez were done with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights and safety.

69.    This conduct by Defendants Brioso, Duarte and Gonzalez under color of law directly resulted in the unwarranted and deliberate high speed chase that deprived the Plaintiff's life and liberty without due process of law, and which is therefore actionable under 42 U.S.C. §1983.

70.    As a direct and proximate result of the aforesaid conduct, JUAN L. PEREZ was seriously and permanently injured and incurred damages for permanent bodily injury, disability, disfigurement, and scarring; pain and suffering; inconvenience; loss of enjoyment of life; lost wages and earning capacity; mental pain, grief and anguish; aggravation of a pre-existing condition; and the expense of hospitalization and medical care and treatment. These injuries are permanent and continuing in their nature, and Plaintiff will suffer such losses in the future.

71.    As a direct and proximate result of the aforesaid conduct, MARIA POSADA suffered damages for loss of her husband's support and services, loss of consortium, and all other damages allowed by law.

**WHEREFORE**, Plaintiffs JUAN PEREZ and MARIA POSADA demand judgment against the foregoing Defendants for all damages allowable by law, including but not limited to

compensatory damages, reasonable attorney's fees pursuant to 42 U.S.C. §1988, taxable costs, and pre-judgment interest.

## COUNT IV

### CLAIM AGAINST THE CITY OF SWEETWATER UNDER 42 U.S.C. §1983

Plaintiff incorporates and realleges Paragraphs 1 through 48 and further states:

72. At all times material hereto, The City of Sweetwater failed to maintain a policy or procedure with respect to the conduct of high speed vehicular chases and/or failed to enforce or train its officers on the proper conduct of high speed vehicular chases.

73. The City of Sweetwater further failed to enforce or train its officers on the proper use of deadly force.

74. The foregoing failures by the City of Sweetwater were tantamount to a custom by the City that permitted Officers Brioso, Duarte, and Gonzalez to use excessive force – both in the improper use of deadly force and in the initiation of high speed pursuits there were virtually certain to cause injury – to deprive persons of life and liberty without due process of law.

75. The use of deadly force and vehicular pursuit at issue here directly resulted from the City's customs, policies and practices, which were the moving force behind the constitutional violation.

76. Officers Brioso, Duarte, and Gonzalez under color of law, instituted and followed those customs, which directly resulted in the deliberate and reckless deprivation of the Plaintiff's life and liberty without due process of law.

77. Additionally, by failing to discipline its agents for their actions and inactions, the City ratified its agents' decisions and their reasons for those decisions, thus further confirming said policy, custom, or practice.

78.     The foregoing conduct by the City directly caused the unwarranted and deliberate high speed chase that deprived the Plaintiff's life and liberty without due process of law.

79.     As a direct and proximate result, JUAN L. PEREZ was seriously and permanently injured and incurred damages for permanent bodily injury, disability, disfigurement, and scarring; pain and suffering; inconvenience; loss of enjoyment of life; lost wages and earning capacity; mental pain, grief and anguish; aggravation of a pre-existing condition; and the expense of hospitalization and medical care and treatment. These injuries are permanent and continuing in their nature, and Plaintiff will suffer such losses in the future.

80.     As a further direct and proximate result of the aforesaid conduct, MARIA POSADA suffered damages for loss of her husband's support and services, loss of consortium, and all other damages allowed by law.

**WHEREFORE,** Plaintiffs JUAN PEREZ and MARIA POSADA demand judgment against the foregoing Defendants for all damages allowable by law, including but not limited to compensatory damages, reasonable attorney's fees pursuant to 42 U.S.C. §1988, taxable costs, and pre-judgment interest.

## DEMAND FOR JURY TRIAL

81.  Plaintiff further demands trial by jury of all issues so triable as of right.

Respectfully submitted,

**EATON & WOLK, PL**
*Attorneys for Plaintiff*
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
Telephone: 305-249-1640
Facsimile: 786-221-1759
Email: wwolk@eatonwolk.com
         cgutierrez@eatonwolk.com

By:_____
       WILLIAM G. WOLK
       Florida Bar No. 103527

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL CIRCUIT DIVISION

CASE NO.: 2015-029639 CA 01

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

     Plaintiff,

*efiled: 029639 CA01.*

Vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

     Defendant.

_____/

## NOTICE OF APPEARANCE

    COMES NOW, THE CORONA LAW FIRM, P.A., as Counsel for the Plaintiffs, **JUAN L. PEREZ and MARIA A. POSADA,** by and through undersigned counsel, and hereby files this notice of appearance and request that all pleadings, motions or correspondences be directed to the undersigned.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and accurate copy of the above has been submitted via e-portal on this 11th day of July, 2016.

             **CORONA LAW FIRM, P.A.**
             3899 NW 7th Street, 2nd Floor
             Miami, FL 33126
             Telephone: (305) 266-1150
             Facsimile: (305)266-1151
             Email: ricky@coronapa.com
             Secondary Email:sbabani@coronapa.com

             By: s/ Ricardo Corona
               Ricardo Corona, Esq.
               FBN 111333
               Ricardo M. Corona, Esq.
               FBN 107684

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

JUAN L. PEREZ and MARIA A.          CASE NO. 2015-029639-CA-01
POSADA, his wife,

     Plaintiffs,

vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

     Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME
## TO SERVE COMPLAINT

THIS CAUSE came before the Court on Plaintiffs' Motion for 90 Day Extension of Time to Serve Complaint, and the Court having reviewed Plaintiff's Motion and for good cause shown, it is hereby:

**ORDERED AND ADJUDGED** that said Motion is hereby **GRANTED**.

Pursuant to Fl. R.C.P. 1.070(j), the Plaintiff are granted a 90-day extension of time through and including July 20th, 2016 – to effect service of process upon all Defendants.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 04/11/16.


BARBARA ARECES
CIRCUIT COURT JUDGE

> **No Further Judicial Action Required on THIS MOTION**
> **CLERK TO RECLOSE CASE IF POST**

## JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Filing # 40175340 E-Filed 04/12/2016 04:25:54 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2015-029639-CA-01

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

      Plaintiffs,

vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

      Defendants.

_____/

### EATON & WOLK PL'S MOTION TO WITHDRAW AS COUNSEL

The law firm of Eaton & Wolk, P.L. respectfully moves to withdraw as attorney of record for the Plaintiffs in the above-captioned case and as grounds therefore states:

1.      The law firm of Eaton & Wolk, P.L. seeks to withdraw as Plaintiffs' counsel of record because, regrettably, a conflict of interest has arisen that prevents us from continuing to represent the Plaintiffs.

2.      We respectfully ask the Court to give Mr. Perez and Ms. Posada at least 90 days to obtain new counsel or appear *pro se* to give them the best opportunity to find representation.

3.      Because this matter was only recently filed and is not set for trial, no prejudice will occur to any party should the Court grant this motion.

1

*Perez v. the City of Sweetwater, et al*
Case No: 2015-029639 - CA-01

WHEREFORE, the Law Firm of Eaton & Wolk, P.L. respectfully asks the Court to grant the foregoing motion and enter the attached order (which is based on the Court's form order) allowing them to withdraw as attorney of record for Plaintiffs Juan L. Perez and Maria A. Posada in this matter and granting Plaintiffs 90 days to retain new counsel.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Eaton & Wolk's Motion to Withdraw as Plaintiff's counsel was filed via the Florida E-Portal and served by U.S.P.S. Certified Mail, No. 7013-0600-0000-7771-2391, to: Juan L. Perez and Maria A. Posada, 13878 SW 38 Street, Miami, Florida 33175, on **April 12, 2016**, and will also be hand-delivered on Wednesday, **April 13, 2016**.

Respectfully submitted,

**EATON & WOLK, P.L.**
*Attorneys for Plaintiffs*
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 249-1640
Facsimile: (786) 221-1759
Email: wwolk@eatonwolk.com
cmartinez@eatonwolk.com

By_____
**WILLIAM G. WOLK**
Florida Bar No. 103527

Filing # 40221460 E-Filed 04/13/2016 02:52:00 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT INAND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

JUAN L. PEREZ and MARIA A.          CASE NO. 2015-029639-CA-01
POSADA, his wife,

     Plaintiffs,

vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

     Defendants.

_____/

## NOTICE OF FILING

    COMES NOW Plaintiff, by and through the undersigned counsel hereby files hereby files the attached **RECEIPT OF MOTION TO WITHDRAW AND HEARING NOTICE** in the above-captioned matter.

    DATED this **13th** day of April, 2016.

                    Respectfully submitted,

                    EATON & WOLK, P.L.
                    *Attorneys for Plaintiff*
                    2 South Biscayne Boulevard, Suite 3100
                    Miami, Florida 33131
                    Telephone: (305) 249-1640
                    Facsimile: (786) 221-1759
                    Email: wwolk@eatonwolk.com
                               cmartinez@eatonwolk.com

By _____
                    WILLIAM G. WOLK
                    Florida Bar No. 103527

## RECEIPT OF MOTION TO WITHDRAW AND HEARING NOTICE

Re: *JUAN L. PEREZ and MARIA A. POSADA v. THE CITY OF SWEETWATER, RAFAEL DUARTE, RICHARD BRIOSO and ARMANDO GONZALEZ,*

*Florida 11th Judicial Circuit Case No. 2015-029639-CA-01*

**Juan L. Perez** and **Maria A. Posada** hereby acknowledge receipt of the following documents

from Eaton & Wolk, Pl. on April 13, 2016:

- Eaton & Wolk Pl.'s Motion to Withdraw as Counsel for Plaintiffs;

- The Notice of Hearing scheduled for April 26, 2016 at 9:00 a.m. on Eaton & Wolk Pl's Motion to Withdraw as Counsel; and

- A copy of the Court Order granting Plaintiffs' Motion for a 90 day Extension of Time to and including July 20, 2016, to serve the Complaint upon Defendants.

Dated this 13th day of **April, 2016**.

_____
JUAN L. PEREZ


_____
MARIA A. POSADA

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

     Plaintiffs,

vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

     Defendants.

_____/

CASE NO. 2015-029639-CA-01

SECTION 23

CIRCUIT CIVIL DIVISION

## ORDER GRANTING MOTION TO WITHDRAW

    **THIS CAUSE HAVING** come before this Court on the _2 6_ day of April 2016 on Eaton & Wolk PL's Motion to Withdraw as Counsel for Plaintiffs Juan Perez and Maria Posada [hereinafter "CLIENT"], and appropriate notice having been given or written consent obtained, it is hereby,

    **ORDERED AND ADJUDGED** as follows:

1) The Motion to Withdraw is **GRANTED.**

2) Movant shall mail a copy of this order to CLIENT forthwith.

3) **Within 90 days** from the date of this order, CLIENT shall either:

    a. Retain new counsel and have that counsel file a written appearance with the Clerk of the Court; OR

    b. File a written notice with the Clerk of the Court advising that CLIENT will represent himself/herself.

4) Failure to comply with the preceding paragraph will create a presumption that CLEINT no longer wishes to participate in this lawsuit and the Court may *sua sponte* or on motion of opposing party **impose sanctions against CLIENT**. Sanctions may include the imposition of fees and costs, striking of pleadings, entry of default, and dismissal with prejudice.

5) There are no pending orders requiring CLIENTS' appearance in court; however, CLIENT should be aware that **July 20, 2016**, is the deadline for them to serve the Complaint upon defendants.

6) CLIENT's contact information is as follows:

Address: 13878 SW 38th Street, Miami, Florida 33175

Email: jlcueto60@yahoo.com & marvaposada@hotmail.com

Phone: 786-400-7811

7) CLIENT is responsible for updating their contact information by filing a Notice of New Contact Information with the Clerk of the Court and providing a copy to opposing counsel. Failure to update contact information shall constitute a waiver of any defenses due to lack of notice.

8) **THIS ORDER DOES NOT CHANGE ANY CURRENT TRIAL SETTING OR SCHEDULED HEARING IN THIS CASE.**

**DONE and ORDERED** in chambers in Miami-Dade County, Florida this ____ day of

April 2016.

**BARBARA ARECES**
Circuit Court Judge

cc: All parties and counsel of record.

Barbara Areces
Circuit Court Judge

Page 2 of 2

# MEMO OF DISPOSITION

*Unsigned*
*ORDER ATTACHED*

CASE NO.: *15-089639* *CA-01*   STYLE OF CASE: *Fezee v. City of Sunstream*

DATE OF HEARING: *Apr. 26, 2016*   TIME: *9:00am*

NATURE OF HEARING: ✓ *Motion / Foreclosure Calendar* ___ *Special Set* ___ *Emergency Hearing*
___ *Trial* ___ *CMC/Status* ___ *Calendar Call* ___ *FWOP* ___ *Other*

## PERSONS PRESENT: [print name of all persons present at the hearing and indicate if appearing *pro se*]

**Plaintiff:** PRO SE   ATTORNEY *William Wolis*
**Defendant:** PRO SE   ATTORNEY *N/A*
**GAL:** _____
**Court Reporter's Info:**   Name: _____
                              Company Name: _____
                              Phone Number: _____
**Other(s) Present:** _____

## MOTION(S) PROPERLY NOTICED FOR HEARING:

1) *Eaton & Wolis's Motion to Withdraw*   ( Granted ) Denied Other

2) _____   Granted Denied Other

3) _____   Granted Denied Other

## JUDGES NOTES:

_____

✓ Order(s) entered at hearing and handed to parties/counsel
___ Hold for Order(s) From: _____

## TASKS TO BE DONE BY JA or BAILIFF:

___ Give dates for special set hearing   ___ Send out trial order   ___ Prepare mediation order

✓ Mail order(s) to   ___ Plaintiff(s) *W✓✓* Defendant(s) ___ Both
Other: _____

_____
BARBARA ARECES, Circuit Court Judge

Barbara Areces
Circuit Court Judge

Filing # 43795211 E-Filed 07/11/2016 04:54:44 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL CIRCUIT DIVISION

CASE NO.: 2015-029639 CA 01

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

   Plaintiff,

Vs.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ,

   Defendant.

_____/

## NOTICE OF APPEARANCE

  COMES NOW, **THE CORONA LAW FIRM, P.A.**, as Counsel for the Plaintiffs, **JUAN L. PEREZ and MARIA A. POSADA**, by and through undersigned counsel, and hereby files this notice of appearance and request that all pleadings, motions or correspondences be directed to the undersigned.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and accurate copy of the above has been submitted via e-portal on this 11th day of July, 2016

     **CORONA LAW FIRM, P.A.**
     3899 NW 7th Street, 2nd Floor
     Miami, FL 33126
     Telephone: (305) 266-1150
     Facsimile: (305)266-1151
     Email: ricky@coronapa.com
     Secondary Email:sbabani@coronapa.com

     By: s/ Ricardo Corona
      Ricardo Corona, Esq.
      FBN 111333
      Ricardo M Corona, Esq.
      FBN 107684

Filing # 46463828 E-Filed 09/14/2016 05:21:17 PM

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

JUAN L. PEREZ and
MARIA POSADA,

                                                  CASE NO.: 2015-029639-CA-01

                Plaintiffs,

vs.

CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO, and
ARMANDO GONZALEZ,

                Defendants

_____/

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS NUNC PRO TUNC

        COMES NOW, the Plaintiffs, Juan L. Perez, and his wife, Maria Posada, by and through their undersigned counsel and pursuant to Florida Rules of Civil Procedure Rule 1.070, hereby files this Motion for Extension of Time for 50 days to serve Defendants Nunc Pro Tunc to July 20, 2016 and as grounds states:

1. The Complaint was filed in the instant action on December 22 , 2015 by another law firm.
2. The filing was made within the statute of limitations period. That limitations period has since expired.
3. Previous counsel filed a Motion for 90 Day Extension of Time on April 7, 2016, that was granted on April 11, 2016.
4. Previous counsel withdrew on April 26, 2016 once the motion was granted.
5. The motion extended the time up to July 20, 2016.
6. Plaintiffs retained this firm on July 11, 2016.
7. Service was effectuated on September 7, 2016.

8. The most current Rule 1.070 (j) of Florida Rules of Civil Procedure provides broad discretion to trial courts when granting a motion of an extension of the 120 day period to serve defendants. In fact, the Second District held in *Chaffin v. Jacobson*, 793 So.2d 102, 104 (Fla. 2d DCA 2001)that a court generally abuses its discretion in dismissing a case for failure to comply with the 120-day rule if the statute of limitations has run, as in the instant case.

WHEREFORE, Plaintiffs Juan L. Perez and Maria Posada, respectfully request that this Court grant their Motion for Extension of Time Nunc Pro Tunc to July 20, 2016 and enter an order extending such time up to and including September 7, 2016.

Respectfully Submitted,

CORONA LAW FIRM, P.A.
3899 NW 7th Street, Second Floor
Miami, Florida 33126
(305) 266-1150 – Telephone
(305) 266-1151 – Facsimile
Primary E-Mail: carolina@coronapa.com
Secondary E-Mail: civil@coronapa.com

BY: _____
RICARDO CORONA, ESQ.
Florida Bar No.: 111333
CAROLINA CORONA, ESQ.
Florida Bar No. 645222

Case 1:16-cv-24267-CMA   Document 4-2   Entered on FLSD Docket 10/07/2016   Page 33 of 42

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2015-029639-CA-01

JUAN L. PEREZ and
MARIA A. POSADA,
his wife,

     Plaintiffs,

v.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ

     Defendants.

_____/

## NOTICE OF SPECIAL APPEARANCE

The law firm of JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER &
HOCHMAN, P.A., hereby appears specially as counsel of record for Defendants, RAFAEL
DUARTE, RICHARD BRIOSO and ARMANDO GONZALEZ, in the above-styled action.
**This Notice is not intended and should not be considered either as a consent to any form
of jurisdiction or as a waiver of proper service of process upon Defendants.**

All further pleadings and papers served on said Defendants should be forwarded to:

**MICHAEL R. PIPER, ESQ.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444
Primary Email: piper@jambg.com
Secondary Email: bush@jambg.com

*Juan L. Perez and Maria A. Posada v. The City of Sweetwater, et al.*
*Case No.:  CASE NO.:  2015-029639-CA-01*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was SERVED and FILED through Florida Courts E-filing Portal to **William G. Wolk, Esquire,** *Counsel for Plaintiff,* **wwolk@eatonwolk.com; cgutierrez@eatonwolk.com,** Eaton & Wolk, P.L., 2 South Biscayne Boulevard, Suite 3100, Miami, Florida 33131, this 29*th* day of September, 2016.

MICHAEL R. PIPER
FLORIDA BAR NO.: 710105
*Attorney for Defendants*
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
piper@jambg.com / bush@jambg.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2015-029639-CA-01

JUAN L. PEREZ and
MARIA A. POSADA,
his wife,

      Plaintiffs,

v.

THE CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO and
ARMANDO GONZALEZ

      Defendants.

_____/

## NOTICE OF APPEARANCE

The law firm of JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A., hereby enters its appearance as counsel of record for Defendant, THE CITY OF SWEETWATER, in the above-styled action.

Copies of all further pleadings and papers served on Defendant, THE CITY OF SWEETWATER, should be forwarded to:

**MICHAEL R. PIPER, ESQ.**
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444
Primary Email: piper@jambg.com
Secondary Email: bush@jambg.com

*Juan L. Perez and Maria A. Posada v. The City of Sweetwater, et al.*
*Case No.: CASE NO.: 2015-029639-CA-01*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was SERVED and FILED through Florida Courts E-filing Portal to William G. Wolk, Esquire, *Counsel for Plaintiff*, wwolk@eatonwolk.com; cgutierrez@eatonwolk.com, Eaton & Wolk, P.L., 2 South Biscayne Boulevard, Suite 3100, Miami, Florida 33131, this 29th day of September, 2016.

MICHAEL R. PIPER
FLORIDA BAR NO.: 710105
*Attorney for Defendants*
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
piper@jambg.com / bush@jambg.com

Filing # 47125476 E-Filed 09/30/2016 10:27:02 AM

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

JUAN L. PEREZ and MARIA POSADA,

CASE NO.: 2015-029639-CA-01

        Plaintiffs,

vs.

CITY OF SWEETWATER,
RAFAEL DUARTE, RICHARD BRIOSO,
and ARMANDO GONZALEZ,

        Defendants

_____/

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS NUNC PRO TUNC

COMES NOW, the Plaintiffs, Juan L. Perez, and his wife, Maria Posada, by and through their undersigned counsel and pursuant to Florida Rules of Civil Procedure Rule 1.070, hereby files this Motion for Extension of Time for 70 days to serve Defendants *Nunc Pro Tunc* from July 20, 2016 to September 28, 2016 and as grounds states:

1. The Complaint was filed in the instant action on December 22, 2015 by another law firm.

2. The filing was made within the statute of limitations period. That limitations period has since expired.

3. Previous counsel filed a Motion for 90 Day Extension of Time on April 7, 2016, that was granted on April 11, 2016.

4. Previous counsel withdrew on April 26, 2016 once the motion was granted

5. The motion extended the time up to July 20, 2016.

6. Plaintiffs retained the undersigned law firm on July 11, 2016

7. Service was effectuated on the last individual defendant was served on September 27, 2016.

8. Rule 1.070(j), Fla.R Civ.P. provides, in pertinent part, the following:

If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party.

9   The current rule is a result of a 1999 amendment. The Florida Supreme Court proposed the amendment, which would provide courts with broad discretion to extend time for service of a complaint even when good cause has not been shown, after recognizing that the prior rule "often exacted harsh results, such as where noncompliance triggered dismissal without prejudice, but the expiration of the statute of limitations would preclude refiling of the action." *Amendment to Florida Rule of Civil Procedure 1.070(j) - Time Limit for Service.* 720 So.2d 505 (Fla. 1998). The amendment comports with Florida's long standing policy in favor of resolving civil disputes on the merits. *Chaffin v. Jacobson,* 793 So.2d 102, 104(2nd DCA 2001) *citing Skrbic v. QCRC Associates Corp.,* 761 So.2d 349, 354 (3rd DCA 2000)(*Cope, J. concurring in part and dissenting in part*). Further, the purpose of Rule 1.070(j) is to speed the progress of cases and it is not intended to provide defendants with a "free" dismissal with prejudice. *Id.*

10. Furthermore, given the fact that Rule 1.070(j) is intended as a tool for managing the court's docket and not to operate as a "severe sanction," it is ordinarily an abuse of discretion to not allow additional time for service of the summons and complaint even in the absence of good cause and excusable neglect if the statute of limitations has run *Brown v. Ameri Star, Inc., et al.,* 884 So.2d 1065 (2nd DCA 2004)(reversing order of dismissal and remanding to circuit court, where statute of limitations had run). Thus, when neither good cause nor excusable neglect are shown, but the statute of limitation has run, discretion should be exercised in favor of giving the plaintiff an extension of

time to accomplish service *Id. See also Britt v. City of Jacksonville,* (1st DCA 2004)(reversing dismissal of case where statute of limitation had run and remanding for trial court to determine whether the running of the statute of limitations warranted an extension of time). *Nationsbank, N.A. v. Ziner,* 726 So.2d 364, 367 (4th DCA 1999)(reversing an order dropping a defendant as a party for failure to timely serve the defendant because the statute of limitations had long expired)

11. Significantly, in *Chaffin,* the trial court dismissed the Complaint, without prejudice, because timely service had not been effected. *Chaffin,*793 So.2d at 103.   However, the statute of limitations had run and the court's dismissal acted as a dismissal with prejudice. *Id.* The appellate court reversed the order of dismissal because the statute of limitation had run and service had been obtained by the time of the hearing. *Id.* Similarly, in the case at bar, the statute of limitations has run on Plaintiffs' claims and therefore an extension of time is necessary.

WHEREFORE, Plaintiffs Juan L. Perez and Maria Posada, respectfully request that this Court grant their Motion for Extension of Time *Nunc Pro Tunc* from July 20, 2016 and enter an order extending such time up to and including September 27, 2016.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all parties listed on the e-portal on this 30th day of September, 2016.

Respectfully Submitted,

CORONA LAW FIRM, P.A.
3899 NW 7th Street, Second Floor
Miami, Florida 33126
(305) 266-1150 – Telephone
(305) 266-1151 – Facsimile
Primary E-Mail: carolina@coronapa.com
Secondary E-Mail: civil@coronapa.com

BY:/s/Ricardo Corona
    RICARDO CORONA, ESQ.
    Florida Bar No.: 111333
    CAROLINA CORONA, ESQ.
    Florida Bar No. 645222

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

JUAN L. PEREZ and
MARIA POSADA,

CASE NO : 2015-029639-CA-01

      Plaintiffs,

vs.

CITY OF SWEETWATER,
RAFAEL DUARTE,
RICHARD BRIOSO, and
ARMANDO GONZALEZ,

      Defendants

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS NUNC PRO TUNC

THIS CAUSE, came before the Court on Plaintiffs' Motion for Extension of Time, this Court having reviewed the motion and, it is hereby,

ORDERED AND ADJUDGED, that said Motion is **GRANTED**.

Plaintiffs are granted a 70 day extension, *Nunc Pro Tunc* from July 20, 2016, to serve the complaint up to and including September 27, 2016.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida, on 10/03/16.

BARBARA ARECES
CIRCUIT COURT JUDGE

No Further Judicial Action Required on **THIS MOTION**
CLERK TO **RECLOSE** CASE **IF** POST JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.