UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   16-cv-24267-CMA

JUAN L. PEREZ and MARIA A.
POSADA, his wife,

      Plaintiffs,

v.

THE CITY OF SWEETWATER,
RAFAEL DUARTE, RICHARD BRIOSO
and ARMANDO GONZALEZ

      Defendants.
_____/

**DEFENDANT, CITY OF SWEETWATER'S, MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

The Defendant, CITY OF SWEETWATER ("Sweetwater"), by and through its undersigned attorneys and pursuant to Rule 56(b), Federal Rules of Civil Procedure, and this Court's Local Rule 56.1, moves for the entry of an Order granting final summary judgment in its favor, and as grounds states:

**Introduction and motion**

In this motion and memorandum, Sweetwater references its concurrently-filed Statement of Undisputed Material Facts in support of Summary Judgment thusly: **Facts at ¶ ___.**

    1.    Plaintiffs, Juan Perez and Maria Posada, sued the City of Sweetwater and three of its police officers– Rafael Duarte, Richard Brioso, and Armando Gonzalez– for injuries sustained in a motor vehicle accident. Perez was injured when a fleeing felon– Felipe

Torrealba– crashed his Mercedes Benz into Perez's pickup truck at high speed. Only moments before the crash, Torrealba had fled the scene of a traffic stop after brandishing a firearm and committing the crime of resisting an officer with violence. Plaintiffs have not sued Torrealba for causing the crash.

2. Plaintiffs have sued Sweetwater via 42 U.S.C. § 1983 for a purported substantive due process violation. Plaintiffs also sued Sweetwater for common law negligence and loss of consortium. Complaint, generally.

3. There is no genuine issue as to any material fact. Sweetwater is entitled to judgment as a matter of law on Plaintiffs' claims because:

(a) Duarte, Brioso, and Gonzalez's conduct was not conscience shocking and Plaintiffs have failed to introduce evidence establishing that the officers intended to harm Torrealba for purposes unrelated to the legitimate object of arresting him;

(b) The record is devoid of evidence that Plaintiffs' purported constitutional injury was caused by an official Sweetwater policy or custom (none exists);

(c) The record establishes that as a matter of law, no police pursuit occurred; and

(d) Sweetwater is entitled to sovereign/statutory immunity from common law suit and liability under §768.28(9)(d), Florida Statutes.

WHEREFORE, Defendant, Sweetwater, respectfully requests that this Court enter final summary judgment in its favor.

**Memorandum of Law**

    **A.**    **No substantive due process violation -- Count IV (42 USC § 1983)[1]**

The Fourteenth Amendment is not a *"font of tort law"* allowing an injured party to convert state tort claims into federal causes of action via 42 USC § 1983. Neal ex rel. Neal v. Fulton County Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000). In the very limited context of police vehicular pursuits, however, federal courts have found that *"A [section] 1983 claim may be brought against a police officer under the Fourteenth Amendment for death or injury to innocent third parties **where the injury results from the pursuit.**"* Meals v. City of Memphis, Tenn., 493 F.3d 720, 730 (6th Cir. 2007)(emphasis added)(citing Cty. of Sacramento v. Lewis, 523 U.S. 833, 845–49 (1998)). To prevail on such a claim, a plaintiff must prove that the officer's **conduct of the vehicular chase** itself *"shocks the conscience."* Id.

In Lewis, supra, the Supreme Court was asked to determine *"whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender."* Lewis, 523 U.S. at 836. The Supreme Court answered **"no,"** holding that *"only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience,*

---

[1] For purposes of this legal discussion and analysis only, Sweetwater assumes that a police pursuit actually occurred. As a matter of record fact, however, no pursuit ever occurred, and Sweetwater is entitled to final summary judgment on that basis, as well. In that regard, see the remainder of the discussion, infra.

*necessary for a due process violation."* Id. (emphasis added). ***"High-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment."*** Id. at 854 (emphasis added). Even an officer's reckless conduct of a pursuit, therefore, does not rise to the level of a Fourteenth Amendment substantive due process claim. Vaughan v. Cox, 343 F.3d 1323, 1333 (11th Cir. 2003). For a substantive due process claim to exist in the first instance, an officer's conduct of a police chase must *"shock the conscience."* As this court itself has recognized, that standard compels a plaintiff to prove that the pursuing officer **intended** harm unrelated to the legitimate object of making the arrest. See DE 30, pp. 7-8.

*Sub judice*, Plaintiffs have not and can not satisfy their burden of proof. As a threshold matter, the record establishes that no Sweetwater police officer engaged in a police pursuit of Torrealba. Facts, ¶ 16. Absent a pursuit, there is no constitutional authority whatsoever upon which to hold Sweetwater– or its officers– liable for injuries caused by Torrealba in his attempt to flee. See, e.g., Cooper v. Rutherford, 503 Fed. Appx. 672, 677 (11th Cir. 2012)(no liability under Fourth or Fourteenth Amendments to innocent third party passengers for firing 24 shots into fleeing vehicle); Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1167 (11th Cir. 2005)(same).

Moreover, even assuming a threshold pursuit, the record is **entirely devoid** of evidence that the Sweetwater's police officers acted with intent to harm unrelated to the legitimate object of arresting Torrealba. Sweetwater is entitled to judgment.

### B. No municipal liability (42 U.S.C. § 1983)

#### 1. No unconstitutional policy or custom

Even assuming, *arguendo*, an underlying constitutional violation, in the case at bar Sweetwater still is not liable under 42 USC § 1983. *"Plaintiffs who seek to impose liability on local governments under § 1983 must **prove** that action **pursuant to official municipal policy caused their injury**."* Buckler v. Israel, No. 16-11115, 2017 WL 710431, at *3 (11th Cir. Feb. 23, 2017) (emphasis added). That is, Sweetwater only can be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."* of which Plaintiff complains. Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish liability based on a "custom," Plaintiffs must prove a *de facto* unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1481 (11th Cir. 1991). Plaintiffs' proof must be of a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Brown v. City of Fort Lauderdale, supra.

But a failure to prevent an isolated incident cannot be deemed tacit approval. ***"Random or isolated incidents are insufficient to establish a custom or policy."*** Depew v.

City of St. Mary's, 787 F. 2d 1496, 1499 (11th Cir. 1986)(emphasis added); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

There is zero record evidence establishing a long-standing Sweetwater custom or policy of allowing improper police pursuits and resulting substantive due process violations such as to expose Sweetwater to §1983 liability. While Plaintiffs avoided an early dismissal of their civil rights claim by vaguely and broadly accusing Sweetwater of having a *"custom and culture"* of permitting officers to commit *"high speed pursuits that were virtually certain to cause injury– to deprive persons of life and liberty without due process of law,"* the record evidence nowhere supports those accusations. Complaint (DE 33), ¶ 77. Plaintiffs thus can **not** avoid summary judgment on their § 1983 claim, as they can proffer **no** evidence of any Sweetwater policy or custom that was the *"moving force"* behind Plaintiffs' purported constitutional deprivation. Monell, supra, and its progeny mandate judgment for Sweetwater on Count VI.

### 2. **No "failure to train"**

Sweetwater *"is not automatically liable under § 1983 even if it inadequately trained or supervised its police officers and those officers violated [the plaintiffs'] constitutional rights.* ***Instead, the Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983.****"* Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)(emphasis added), citing City of Canton v. Harris, 489 U.S. 378, 387 (1989). *"These 'limited circumstances' occur only where the municipality inadequately trains or supervises*

*its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."* Gold, 151 F.3d at 1350-51; citing Harris, 489 U.S. at 389-91; Kerr v. City of West Palm Beach, 875 F.2d 1546, 1555 (11th Cir. 1989); Board of County Comm'rs v. Brown, 520 U.S. 397 (1997).

*"A plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants."* Gold, 151 F.3d at 1351-52; citing Harris, 489 U.S. at 388-89. *"To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train or supervise in a particular area and the municipality made a deliberate choice not to take any action."* Gold, 151 F.3d at 1351-52; citing Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); Young v. City of Augusta, 59 F.3d 1160, 1171-72 (11th Cir.1995); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1556-57 (11th Cir.1989).

The Eleventh Circuit *"repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise."* Gold, 151 F.3d at 1351-54 (claim under §1983 invalid in the absence of prior constitutional violations involving disorderly conduct statute); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994) (plaintiffs not likely to succeed on the merits of failure-to-train claim without proof that municipality was aware of a prior incident in which constitutional rights were similarly violated); Popham v. City of Talladega,

908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put municipality on notice of a need to train); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990) (sheriff's department not liable for deputy's acts when *"no evidence of a history of widespread prior abuse ... put the sheriff on notice of the need for improved training or supervision"*); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir.1987) (ten citizen complaints about defendant officer insufficient to put municipality on notice because plaintiff *"never demonstrated that past complaints of police misconduct had any merit"*).

*Sub judice*, Plaintiffs have proffered **no** evidence that Sweetwater had notice of a widespread problem involving police pursuits by Sweetwater's officers. Plaintiffs have not identified a single similar incident and resulting constitutional violation. Sweetwater is entitled to judgment on the §1983 "failure to train" claim in Count VI.

  C.  **No common law negligence claim**

  1.  **No pursuit occurred/no negligent acts committed**

Under Florida law, *per se* negligence principles do **not** apply to a police "hot pursuit" of a fleeing offender. Wells v. City of St. Petersburg, 958 So. 2d 1076, 1079 (Fla. Dist. Ct. App. 2007); City of Miami v. Horne, 198 So.2d 10, 12-13 (Fla.1967). Instead, *"the rule is that the officer should take such steps as may be necessary to apprehend the offender but, in doing so, not exceed proper and rational bounds nor act in a negligent, careless or wanton manner."* City of Pinellas Park v. Brown, 604 So.2d 1222, 1226 (Fla.1992) (citing Horne, 198 So.2d at 13). Thus *"[t]he liability of a law enforcement agency for injury caused during*

*a high speed chase depends on the manner in which the chase is conducted."* Porter v. Dep't of Agric. & Consumer Servs., 689 So.2d 1152, 1155 (Fla. 1st DCA 1997).

*Sub judice*, the record establishes that no *"hot pursuit"* or *"high speed chase"* occurred in the first instance. Facts, ¶ 16. And even fictionalizing the occurrence of a chase, the record is devoid of any evidence establishing that any Sweetwater police officer acted negligently, carelessly, or wantonly during the chase. Sweetwater is entitled to judgment. See, e.g., Porter, supra (finding that officers who initiated chase, but who withdrew prior to collision, had no foreseeable legal duty to plaintiffs).

### 2. Sweetwater is immune from suit and liability

In City of Pinellas Park v. Brown, 604 So. 2nd 1222 (Fla. 1992), the Florida Supreme Court confirmed that police agencies have a duty to conduct *"hot-pursuits"* within *"reasonable bounds,"* and that *"the actual execution of a hot-pursuit policy is entitled to a high degree of judicial deference..."* Following Brown, the Florida Legislature established an immunity for law enforcement agencies that adopt and follow such pursuit policies. Section 768.28(9)(d) provides:

> *The employing agency of a law enforcement officer as defined in s. 943.10 is not liable for injury, death, or property damage effected or caused by a person fleeing from a law enforcement officer in a motor vehicle if:*
>
> *1. The pursuit is conducted in a manner that does not involve conduct by the officer which is so reckless or wanting in care as to constitute disregard of human life, human rights, safety, or the property of another;*
>
> *2. At the time the law enforcement officer initiates the pursuit, the officer reasonably believes that the person*

> *fleeing has committed a forcible felony as defined in s. 776.08; and*
>
> 3. *The pursuit is conducted by the officer pursuant to a written policy governing high-speed pursuit adopted by the employing agency. The policy must contain specific procedures concerning the proper method to initiate and terminate high-speed pursuit. The law enforcement officer must have received instructional training from the employing agency on the written policy governing high-speed pursuit.*

§ 768.28(9)(d), Fla. Stat.

*Sub judice*, all three criteria are satisfied.  First, as discussed above, there was no pursuit, much less any evidence establishing that a pursuit was conducted in a reckless or wanton manner.  Second, the Sweetwater officers reasonably believed that Torrealba had committed a forcible felony.  The officers' reasonableness is borne out as a matter of law by the fact that Torrealba was **convicted** of a forcible felony against Officer Duarte (resisting arrest with violence).  And third, Sweetwater possessed and trained its officers on an explicit, written pursuit policy that contained specific procedures addressing the initiation and termination of pursuits.

Sweetwater has met the requirements of § 768.28(9)(d), Fla. Stat., entitling the City to statutory sovereign immunity from tort liability *sub judice*.  Sweetwater is entitled to judgment on Plaintiffs' negligence claims.

    **D.**    **No loss of consortium**

*"While a spouse's loss of consortium claim is a separate and distinct cause of action against a defendant, it is also a derivative cause of action which cannot exist without a*

*primary cause of action by the injured spouse against the same defendant."* Horst v. Parker, 2007 WL 4234616, at *3 (M.D. Fla. 2007) (citing Gates v. Foley, 247 So. 2d 40, 45 (Fla. 1971)). *"A plaintiff's loss of consortium claim fails where the underlying, negligence-based claim of his or her spouse fails."* Oliva v. NBTY, Inc., 2012 WL 12849959, at *11 (S.D. Fla. 2012) (citing Greathouse v. Ceco Concrete Constr., LLC, 2007 WL 624550, *10 (N.D. Fla. 2007)); see also Garcia v. Chapman, 2014 WL 11822750, at *13 (S.D. Fla. 2014) (citing Habelow v. Travelers Ins. Co., 389 So. 2d 218, 220 (Fla. 5th DCA 1980); Faulkner v. Allstate Ins. Co., 367 So. 2d 214, 217 (Fla. 1979)).

As discussed above, Sweetwater is entitled to judgment on Plaintiff, Juan Perez's claims. Because Perez's claims fail, Sweetwater also is entitled to judgment on Plaintiff, Maria Posada's, consortium claims.

**WHEREFORE**, Defendant, CITY OF SWEETWATER, respectfully requests that this honorable Court enter an order granting summary judgment in Defendant's favor, entering final judgment upon that order, and granting such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 30th day of May, 2017, we electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. We further certify that we either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

                         JOHNSON, ANSELMO, MURDOCH, BURKE,
                         PIPER & HOCHMAN, P.A.
                         **Attorneys for Defendants**
                         2455 East Sunrise Boulevard, Suite 1000
                         Fort Lauderdale, Florida 33304
                         Telephone:   (954) 463-0100
                         Facsimile:    (954) 463-2444

                         BY:   *s/Christopher J. Stearns*
                               MICHAEL R. PIPER
                               Florida Bar No.: 710105
                               CHRISTOPHER J. STEARNS
                               Florida Bar No.:  557870

## SERVICE LIST

**RICARDO CORONA, ESQ.**
**CAROLINA CORONA, ESQ.**
CORONA LAW FIRM, P.A.
**Attorneys for Plaintiff**
3899 N.W. 7th Street, 2nd Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151
ricky@coronapa.com
carolina@coronapa.com

---

**MICHAEL R. PIPER, ESQ.**
**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444
piper@jambg.com
stearns@jambg.com